AMADOR MEDEAN GOLD MIN. CO. *v.* SOUTH SPRING HILL GOLD MIN. CO. *et al.*

*(Circuit Court, N. D. California. November 5, 1888.)*

1. MINES AND MINING—MINING LODES—DIPPING INTO AGRICULTURAL LANDS.
   An owner under a patent of mineral lands, including a gold-bearing vein or lode having its apex within the boundaries of the land patented, is not entitled to follow his vein or lode down on the dip, across his exterior boundaries, into the lands of an adjacent proprietor, holding an elder title under a patent for agricultural lands.

2. PUBLIC LANDS—AGRICULTURAL LANDS—EQUITABLE TITLE.
   The equitable title to public lands vests in the purchaser immediately upon the lawful entry, payment of purchase money, and issue of certificate of purchase thereon. After such entry, no proprietary or pecuniary interest remains in the United States, and no subsequent grant of any character can affect the right of such prior purchaser.

*(Syllabus by the Court.)*

At Law.   On final hearing.

Action by the Amador Medean Gold Mining Company against the South Spring Hill Mining Company and others to recover possession of property.

*Onley, Chickering & Thomas,* for plaintiff.

*A. C. Adams* and *Egan & Rust,* for defendants.

Before SAWYER, Circuit Judge.

SAWYER, J.   It appears from the agreed statement of facts, that one Calvin Hammack, under a warrant issued in pursuance of the provisions of the Revised Statutes relating to bounty lands for soldiers of the war of 1812, made application, at the land-office in Sacramento, to purchase from the United States certain agricultural lands, which application was approved, the payment of purchase money for the excess made, and the usual certificate of purchase issued on June 15, 1874.   Afterwards, in pursuance of this entry, a patent of the United States was duly issued on September 13, 1876, embracing the premises in controversy.   The title acquired by this entry, and the patent to the premises in controversy, by proper mesne conveyances, became vested in the plaintiff prior to the commission of the acts complained of, and it was in plaintiff at the commencement of this action.   After the said entry and payment for the land by Hammack, and the issue of the certificate of purchase on June 15, 1874, and before the issue of said patent in pursuance of such purchase and entry, to-wit, on July 18, 1876, one McKim located and acquired the right to a gold mining claim, situated on land adjacent to the lands so entered by and patented to said Hammack.   Having acquired the right to the mineral location, McKim conveyed his title to the South Spring Hill Mining Company, after which, upon application regularly made, and the performance of all the conditions required by the statute, a patent embracing said McKim's mining location was duly issued to said company by the United States under the act authorizing the sale of mineral lands.   All the title and rights acquired under said mineral patent were conveyed to, and became vested in, defendant, before the performance of the acts complained of.   The defendant, after thus acquiring the title, proceeded to work its claim, and develop the mine; and, in so doing, discovered the apex of a vein or lode within the exterior boundaries of the location as patented.   The defendant, in working this lode, followed it down on the dip, without departing therefrom until it crossed the line of the adjacent agricultural land held by the plaintiff under the said patent issued upon the entry by Hammack; and worked the lode beneath the surface within the plaintiff's land.   The value of the ore removed is $200, and of the land in dispute not less than $5,000.   The action is to recover possession of the portion of the premises from which plaintiff has been ousted by these acts, and damages for the injury sustained.

The only question is whether, under the Revised Statutes, a party discovering and acquiring title by patent from the United States to a mineral gold-bearing vein or lode having its apex within the land purchased, is entitled to follow the vein or lode down on its dip, across the bounda-

ries of his own lands into the agricultural lands of an adjoining proprietor, who has the elder title? In my judgment he, clearly, has not. The equitable title to the agricultural lands, held by plaintiff, fully vested on the entry and payment by Hammack on June 15, 1874. After that the United States merely held the dry legal title in trust for the purchaser without any pecuniary or beneficial interest in it. From the moment of the entry, payment, and issue of the certificate of purchase, these lands cease to be public, and became private property. *Milling Co.* v. *Spargo,* and *Same* v. *Fick,* 8 Sawy. 647, 16 Fed. Rep. 348, and cases cited. Also *Wirth* v. *Branson,* 98 U. S. 118; *Deffeback* v. *Hawke,* 115 U. S. 405, 6 Sup. Ct. Rep. 95. By the entry and payment by Hammack, there being no known mine on the land, the entire interest to the center of the earth vested in him, and there was nothing left in the United States for a subsequent grant to other parties to operate upon. The only exceptions in the patent relate to easements and other prior rights already vested in other parties, before the date of the entry, as was held in the case of *Milling Co.* v. *Spargo,* cited. No other exceptions are authorized by the statute to be inserted, and exceptions not so authorized, if inserted, would be void. *Cowell* v. *Lammers,* 10 Sawy. 254, 21 Fed. Rep. 200; *Deffeback* v. *Hawke,* 115 U. S. 402, 406, 6 Sup. Ct. Rep. 95. Section 2322, Rev. St., relied on by defendant, does not authorize any such exception, and it only applies, at most, to public lands, and to rights acquired to such lands before other parties acquire interests therein. It, certainly, does not apply to agricultural lands disposed of years—perhaps half a century—before by the government and before any easement, or other right, has become vested in other parties. The United States can undoubtedly grant easements, and other limited rights, in any portion of the public lands, and subsequent purchasers must take them burdened with such easements or other rights, but when it has once disposed of its entire estate in the lands to one party, it can, afterwards, no more burden it with other rights than any other proprietor of lands. *Mining Debris Case,* 9 Sawy. 493, 18 Fed. Rep. 753. The defendant acquired no rights in the premises in question under the section cited, or any other statute of the United States, brought to the notice of the court, as against the prior grant under which the plaintiff holds. The result is that there must be a judgment for plaintiff, and it is so ordered.